**DIVEN v. PORTER, Adm'r, OPA.**

**No. 13270.**

Circuit Court of Appeals, Eighth Circuit.

Oct. 18, 1946.

J. F. Quillin, of Mena, Ark. and T. B. Vance, of Texarkana, Ark., for appellant.

Nathan Siegel, Sp. Appellate Atty., OPA, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, David London, Director, Litigation Div., Albert M. Dreyer, Chief, Appellate Branch, and Robert F. Proctor, Regional Litigation Atty., all of Washington, D. C., and Charles T. Pearson, Dist. Enforcement Atty., OPA, of Fayetteville, Ark., on the brief), for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

The Administrator of the Office of Price Administration brought this action against Charles L. Diven for injunction and treble damages for the sale of canned beans at a price alleged to be over the ceiling price established by Food Products Regulation No. 1, Supp. 7, Amendment 6, issued August 30, 1944 (See 9 Fed.Reg. 6711 and 10709) under authority of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq.

The defendant was engaged in the business of processing beans with his principal place of business located in Wickes, Arkansas. On January 3, 1945, he sold and delivered to Kroger Grocery and Baking Company, Cincinnati, Ohio, 6,882 dozen cans No. 2 size extra-standard ungraded cut beans of the 1944 pack at a price of $1.12½ per dozen. It was stipulated that if the defendant violated any provision of Amendment 6 he did so as a result of a misunderstanding and misinterpretation of regulations contained in Maximum Price Regulation 306, issued on October 13, 1944. It was further stipulated that if Amendment 6 of FPR No. 1 Supp. 7 was controlling during January, 1945, defendant made an overcharge of $791.43 in the sale of the beans, but if Maximum Price Regulation No. 306 was controlling the complaint should be dismissed.

The case was submitted to the court without a jury on the pleadings, stipulation and arguments of counsel. The Court found that Amendment 6 of FPR No. 1 Supp. 7 was applicable to the sale and that defend-

ant made the overcharge but that the overcharge was neither wilful nor the result of failure of defendant to take reasonable precautions to prevent the overcharge. A judgment was entered denying an injunction and awarding plaintiff judgment for single damages in the amount of the overcharge, and the defendant appeals.

Maximum Price Regulation No. 306, covering packed food products, including beans, was originally issued on January 22, 1943, and established a maximum price of $1.12½ per dozen for canned beans of the type and size involved herein. On June 16, 1944, Food Products Regulation No. 1 was issued in order to bring into a single document provisions commonly used in fixing food processors' ceiling prices (See Statement of Considerations 9 Fed.Reg. 6711). As originally issued it did · not establish specific maximum prices but it indicated that these were to appear in supplements to it to be subsequently issued. Several such supplements were issued and on July 31, 1944, Supplement 7 to Food Products Regulation No. 1 (9 Fed.Reg. 6711) was issued and fixed ceiling prices for many products previously covered by MPR 306 and it expressly declared that it superseded provisions of other Maximum Price Regulations as to commodities covered. Section 1(a) of this Supplement, so far as applicable, provides: "In general this supplement establishes maximum prices for the 1944 and later packs of the canned fruits, berries and vegetables listed below, and others which may be added from time to time. * * * It covers most of the products which were covered by Maximum Price Regulation 306, certain Packed Food Products plus certain additional products."

On August 30, 1944, Amendment 6 to Supplement 7 was issued and it added pricing provisions for packed snap beans in all areas except New Jersey and Maryland. It established [1] a price of $1.01 per dozen for No. 2 can extra-standard ungraded cut beans of the 1944 pack sold by processors in Area 7 (Arkansas was placed in this area), who were not engaged in the business during the year 1941. It is undisputed that defendant was not engaged in process-

ing beans in 1941, and by its terms Amendment 6 applied to and fixed the price for defendant's product sold in January, 1945. But defendant says that instead of following and applying said Amendment 6 to Supplement 7 he believed that he should, and he did, apply MPR No. 306, issued by the Office of Price Administration on October 13, 1944, which carried forward the provisions of original MPR No. 306 (under which the ceiling price of defendant's beans was $1.12½ per dozen) as well as certain amendments to original MPR No. ·306.

█ The appellant contends that, as MPR No. 306 together with its amendments was issued subsequent to Amendment 6 to Food Products Regulation No. 1, Supplement 7, Maximum Price Regulation No. 306 ought to be deemed controlling in the sale in controversy. Appellant points particularly to Section 1341.579(a) of MPR No. 306 as issued October 13, 1944, reading: "the provisions of this regulation supersede the provisions of any other Maximum Price Regulation insofar as they apply to processors of any item covered by this regulation," and relies further on Section 1341.551(g) providing:

"The provisions of this regulation shall apply to items packed during the year 1943 and after, except that Sec. 1341.553b shall apply to items packed prior to 1943. (This regulation applies to items packed on and after January 1, 1944, until such time as they are covered by a superseding regulation). If the major portion of any item was packed in 1943 the item shall be considered to be· packed during the year 1943. Any canned citrus juices packed after November 1, 1942, shall be deemed to be packed during the year 1943.

"[Paragraph (g) amended by Am. 27, 9 F.R. 2237, effective 2–25–44; and Am. 29, 9 F.R. 6109, effective 6–5–44]."

But examination of the language of the sections relied on by appellant, read in connection with the entire text of MPR 306, discloses that these sections relate back to a time prior to the issuance on August 30, 1944, of Food Products Regulation No. 1 Supp. 7, Amend. 6. The opening paragraph

---

[1] By directing the method of computing.

of MPR 306 issued October 13; 1944, refers to the matter included in it as "a compilation." The note in brackets following Section 1341.551(g) relied on by appellant, indicates that that section had been amended in February, 1944, and again in June, 1944. Furthermore, Section 1341.581, also found in MPR 306 issued October 13, 1944, provides:

"Effective date. This Maximum Price Regulation No. 306 (Secs. 1341.551 to 1341.-583, inclusive) shall become effective on January 28, 1943. [MPR 306 originally issued January 22, 1943.]

"[Note: Effective dates of amendments are shown in notes following the parts affected]."

In contending for the application of MPR 306 as the last regulation issued prior to the sales involved, we think that appellant confuses the effective date of MPR 306 and the date of its re-issuance, October 13, 1944. While the date of the re-issuance was October 13, 1944, that was not the effective date of all of the regulations included therein. The October 13, 1944, issue of MPR 306 did not purport to be an entirely new regulation. Careful consideration of this publication convinces that it was not intended to and did not supersede Food Products Regulation No. 1 and its supplements and amendments which had been promulgated after original MPR 306 and prior to the compilation of October 13, 1944. We think that members of the trade, who like appellant gave attention to the Considerations of the Administrator and the texts of the compilation of MPR 306 and of FPR No. 1 and its supplements and amendments, were fairly apprised of the intent and purport of the several publications. Although to the layman who starts now to read them in the mass there may appear considerable difficulty in following the course and true intendment of them, those engaged in the affected business from day to day were in position to observe distinctions and changes being made. It would have clarified matters had MPR 306 issued October 13, 1944, specifically recited that it did not re-establish price ceilings of original MPR 306 which had been changed by other regulations, but such a recitation was not indispensable to preserve the ceiling prices established by the Food Products Regulation applicable to appellant's product.

Nor is the doctrine of estoppel available to appellant. Prior to receipt of his copy of the compilation of October 13, 1944, appellant had received notice of a change in his ceiling prices resulting from FPR No. 1, Supp. 7, Amend. 6, which expressly applied to the 1944 pack. Appellant could have resolved any doubt he may have had concerning which of the two regulations was applicable to his sale of canned beans in January, 1945, by applying for a written interpretation binding on the Administrator under Revised Procedural Regulation No. 1, Secs. 54 and 55 (9 Fed.Reg. 5791). Recovery was limited here to the amount of the overcharge. Appellant was not entitled to receive the amount of the overcharge in the first place and he may not now retain it on the ground of estoppel.

Judgment affirmed.